No. 23-60300

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; PUBLIC UTILITY COMMISSION OF TEXAS; RAILROAD COMMISSION OF TEXAS; ASSOCIATION OF ELECTRIC COMPANIES OF TEXAS; BCCA APPEAL GROUP; TEXAS CHEMICAL COUNCIL; TEXAS OIL & GAS ASSOCIATION; LUMINANT GENERATION COMPANY, L.L.C.; COLETO CREEK POWER, L.L.C.; ENNIS POWER COMPANY, L.L.C.; HAYS ENERGY, L.L.C.; MIDLOTHIAN ENERGY, L.L.C.; OAK GROVE MANAGEMENT COMPANY, L.L.C.; WISE COUNTY POWER COMPANY, L.L.C.; STATE OF LOUISIANA; LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY; STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY,**

Petitioners,

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency,**

Respondents.

---

## TEXAS PETITIONERS' MOTION TO STAY RESPONDENTS' FINAL ACTION, CONFIRM VENUE, AND HOLD CASE IN ABEYANCE

---

**June 26, 2023**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

- Abrams, Michael R., Assistant Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Association of Electric Companies of Texas (Petitioner)

  The Association of Electric Companies of Texas ("AECT") represents electric generators, transmission & distribution utilities, fully-integrated utilities and retail electric providers that span Texas. Its members generate power from diverse resources, including natural gas, coal, wind and solar, plus investments in energy storage.

- Balch & Bingham LLP (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Baker Botts L.L.P. (Counsel for Petitioners Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, and Texas Oil & Gas Association)

- Barber, Julia B. (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- BCCA Appeal Group (Petitioner)

  BCCA Appeal Group is a Texas non-profit corporation whose mission is to support the goals of environmental protection and a strong economy. Its

members own and operate industrial facilities in Texas. The Group was formed from the Business Coalition for Clean Air. The Group played a key role in the successful attainment strategies that have achieved real and sustained progress on air quality goals in Texas. BCCA Appeal Group continues to evaluate and pursue regulatory decisions that are based on sound science and achieve environmental and air quality goals while maintaining a strong economy.

- Brookfield Asset Management Inc. (together with its affiliates and managed entities may own 10% or more of Vistra Corp.'s stock)

- Burdette, Courtney, Supervising Attorney, Legal Affairs Division, Louisiana Department of Environmental Quality (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Burke Law Group, P.L.L.C. (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Coleto Creek Power, LLC (Petitioner)

- Cole, William F., Assistant Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Davis, Bill, Deputy Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Ennis Power Company, LLC (Petitioner)

- Garland, Merrick B., Attorney General, United States Department of Justice (Counsel for Respondents)

- Gidiere, P. Stephen III (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Hall, Jeffrey A. (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Hays Energy, LLC  (Petitioner)

- Kelly, Daniel J. (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC and Senior Vice President and Deputy General Counsel for Vistra Corp.)

- Kim, Todd, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice (Counsel for Respondents)

- Kolman, Chloe H., Senior Attorney, Environmental Defense Section, United States Department of Justice (Counsel for Respondents)

- Kuryla, Matthew L. (Counsel for Petitioners Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, and Texas Oil & Gas Association)

- Luminant Generation Company LLC (Petitioner)

- Matheny, Justin L., Deputy Solicitor General, Office of the Attorney General for the State of Mississippi (Counsel for Petitioners State of Mississippi and Mississippi Department of Environmental Quality)

- Midlothian Energy, LLC (Petitioner)

- Mitchell, David W. (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC and Senior Counsel, Environmental for Vistra Corp.)

- Moore, Stephanie Zapata (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC and Executive Vice President and General Counsel for Vistra Corp.)

- Murrill, Elizabeth B., Assistant Attorney General, Office of the Attorney General for the State of Louisiana (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Nance, Earthea (Regional Administrator for Respondent United States Environmental Protection Agency)

- Oak Grove Management Company LLC (Petitioner)

- Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas and Texas Commission on Environmental Quality)

- Pettit, Lanora C., Principal Deputy Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Prieto, Jeffrey M. (General Counsel for Respondent United States Environmental Protection Agency)

- Regan, Michael S., Administrator, United States Environmental Protection Agency (Respondent)

- Scott, John, Provisional Attorney General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- St. John, Joseph S., Deputy Solicitor General, Louisiana Department of Justice (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- State of Texas (Petitioner)

- Streett, Aaron M. (Counsel for Petitioners Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, and Texas Oil & Gas Association)

- Texas Chemical Council (Petitioner)

The Texas Chemical Council ("TCC") represents approximately 70 companies who own or operate more than 200 manufacturing and research facilities across the state of Texas. Its members have invested more than $150 billion in physical assets in the state, directly employ more than 75,000 Texans, and indirectly employ over 500,000 Texans. The Texas chemical industry represents the #1 non-energy Texas export with over $45 billion in

exports annually and pays more than $1.5 billion in state and local taxes each year.

- Texas Commission on Environmental Quality (Petitioner)

- Texas Oil & Gas Association (Petitioner)

  The Texas Oil & Gas Association ("TXOGA") is a statewide trade association representing every facet of the Texas oil and gas industry including small independents and major producers. Collectively, the membership of TXOGA produces in excess of 80 percent of Texas' crude oil and natural gas, operates over 80 percent of the state's refining capacity, and is responsible for the vast majority of the state's pipelines. In fiscal year 2022, the oil and natural gas industry supported 443,000 direct jobs and paid $24.7 billion in state and local taxes and state royalties, funding our state's schools, roads and first responders.

- The Vanguard Group, Inc. (together with its affiliates and managed entities may own 10% or more of Vistra Corp.'s stock)

- United States Environmental Protection Agency (Respondent)

- Vistra Asset Company LLC (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Vistra Corp. (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Vistra Intermediate Company LLC (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Vistra Operations Company LLC (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Webster, Brent, First Assistant Attorney General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Wise County Power Company, LLC (Petitioner)

Respectfully submitted,

s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

TABLE OF CONTENTS ................................................................................ vii

TABLE OF AUTHORITIES ........................................................................... viii

LIST OF EXHIBITS IN APPENDIX ..................................................................x

GLOSSARY ................................................................................................. xi

BACKGROUND ...........................................................................................4

ARGUMENT ...............................................................................................7

I.    The Court should stay the Texas FIP pending judicial review. ....................7

    A.    The Court has already granted a stay of EPA's disapproval of
Texas's SIP, so the Texas FIP should likewise be stayed....................7

    B.    EPA's promised administrative action is not certain to prevent
the irreparable harms identified in the Court's stay of the Texas
SIP disapproval........................................................................9

II.   The Court should confirm that venue for judicial review of EPA's
Texas FIP is proper only in this Court............................................12

    A.    The Texas FIP is locally or regionally applicable, not nationally
applicable..............................................................................13

    B.    The Texas FIP is not based on a determination of nationwide
scope or effect. ......................................................................16

III.  After staying the Texas FIP and confirming venue, the Court should
hold this case in abeyance while the Court resolves the challenges
to EPA's disapproval of Texas's SIP. ............................................18

CONCLUSION ..........................................................................................20

CERTIFICATE OF CONFERENCE..................................................................23

CERTIFICATE OF COMPLIANCE..................................................................23

CERTIFICATE OF SERVICE .........................................................................24

# TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Page(s)**

*Clean Air Council v. Pruitt*,
   862 F.3d 1 (D.C. Cir. 2017) ................................................................11

*EPA v. EME Homer City Generation, L.P.*,
   572 U.S. 489 (2014) ...........................................................................4

*Luminant Generation Co., LLC v. EPA*,
   675 F.3d 917 (5th Cir. 2012) ..............................................................4

*Nken v. Holder*,
   556 U.S. 418 (2009) ...........................................................................7

*Sierra Club v. Jackson*,
   833 F. Supp. 2d 11 (D.D.C. 2012) ....................................................11

*Texas v. EPA*,
   829 F.3d 405 (5th Cir. 2016) ..............................4, 5, 7, 12, 13, 18

*Train v. Nat. Res. Def. Council, Inc.*,
   421 U.S. 60 (1975) .............................................................................4

**Federal Statutes**

42 U.S.C. § 7410(a)(1) ............................................................................14

42 U.S.C. § 7410(a)(2)(D) .......................................................................17

42 U.S.C. § 7410(a)(2)(D)(i) ...................................................................17

42 U.S.C. § 7410(a)(2)(D)(i)(I) ...........................................................1, 4

42 U.S.C. § 7410(c)(1) .................................................................1, 4, 14, 16

42 U.S.C. § 7410(k)(2) .............................................................................5

42 U.S.C. § 7602(y) .......................................................................1, 4, 14, 16

42 U.S.C. § 7607(b)(1)..............................................................1, 6, 12, 13, 16

**Federal Regulations**

40 C.F.R. § 52.2283(d)(3)....................................................................14, 15

**Federal Register**

87 Fed. Reg. 9,798 (Feb. 22, 2022) ......................................................4, 17

88 Fed. Reg. 9,336 (Feb. 13, 2023) ........................................................1, 5

88 Fed. Reg. 36,654 (June 5, 2023) ...................................... 1, 2, 5, 6, 14, 15, 17, 18

**Miscellaneous**

EPA, *Response to Public Comments on Proposed Rule, 87 Fed. Reg. 20,036*, Docket No. EPA-HQ-OAR-2021-0668-1127 (Apr. 6, 2022)........................................................................15

# LIST OF EXHIBITS IN APPENDIX

**Exhibit**                                                                                **Page Number**
                                                                                            **in Appendix**

1.  Order, Doc. 269-2, *Texas v. EPA*, No. 23-60069 (5th Cir. May
    1, 2023) (per curiam) ("*Texas 2023*") ....................................................... A-1

2.  Memorandum from Joseph Goffman, Principal Deputy
    Assistant Administrator, Office of Air and Radiation, *Notice
    of Forthcoming EPA Action to Address Judicial Stay Orders*
    (June 1, 2023), *available at* https://www.epa.gov/system/
    files/documents/2023-06/Goffman%20Memo%20re%20
    Stay%20Orders_060123%20JG%20%281%29.pdf
    ("Goffman Memo") ................................................................................... A-32

3.  State Petitioners' Opposed Motion to Stay & Appendix,
    Docs. 31-1 & 31-2, *Texas v. EPA*, No. 23-60069 (5th Cir.
    Mar. 3, 2023) ............................................................................................. A-34

4.  Reply in Support of State Petitioners' Opposed Motion to
    Stay, Doc. 197, *Texas v. EPA*, No. 23-60069 (5th Cir.
    Apr. 10, 2023).......................................................................................... A-281

5.  Texas Industry Petitioners' Opposed Motion to Stay Final
    Action of the U.S. Environmental Protection Agency & Texas
    Industry Petitioners' Appendix of Exhibits in Support of
    Motion to Stay Final Action of the U.S. Environmental
    Protection Agency, Docs. 32-1 & 32-2, *Texas v. EPA*, No. 23-
    60069 (5th Cir. Mar. 3, 2023)................................................................. A-301

6.  Texas Industry Petitioners' Reply in Support of Motion to
    Stay Final Action of the U.S. Environmental Protection
    Agency & Texas Industry Petitioners' Appendix of Exhibits
    in Support of Reply in Support of Motion to Stay Final Action
    of the U.S. Environmental Protection Agency, Docs. 203-1 &
    203-2, *Texas v. EPA*, No. 23-60069 (5th Cir. Apr. 10, 2023)............... A-737

## **GLOSSARY**

| | |
|---|---|
| **CAA** | Clean Air Act |
| **EPA** | United States Environmental Protection Agency |
| **FIP** | Federal Implementation Plan |
| **NAAQS** | National Ambient Air Quality Standards |
| **NO$_X$** | Nitrogen Oxides |
| **SIP** | State Implementation Plan |
| **TCEQ** | Texas Commission on Environmental Quality |
| **Texas Petitioners** | State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, Railroad Commission of Texas, Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, Texas Oil & Gas Association, Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC |

Pursuant to Federal Rules of Appellate Procedure 18(a)(2) and 27, the Texas Petitioners move for a stay of the U.S. Environmental Protection Agency's ("EPA's") final action promulgating a federal implementation plan ("FIP") for the State of Texas regarding the interstate-transport requirements of 42 U.S.C. § 7410(a)(2)(D)(i)(I) for the 2015 8-hour ozone national ambient air quality standards ("NAAQS"). That action was published as part of EPA's notice entitled "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36,654 (June 5, 2023) ("Final Rule"). Texas Petitioners further move for confirmation that this Court is the only proper venue for Texas Petitioners' challenge to EPA's Texas FIP pursuant to the Clean Air Act's venue provision, 42 U.S.C. § 7607(b)(1).

This motion follows logically from the Court's prior decision to stay EPA's antecedent disapproval of Texas's state implementation plan ("SIP") for the 2015 ozone NAAQS and deny EPA's motion to transfer that case to the D.C. Circuit. *See* Order, *Texas v. EPA*, No. 23-60069 at 6-13 (5th Cir. May 1, 2023) (per curiam) ("*Texas 2023*") (Exhibit 1). Under the Clean Air Act, EPA has no authority to promulgate a FIP for Texas unless it has lawfully disapproved part or all of Texas's SIP. *See* 42 U.S.C. §§ 7410(c)(1), 7602(y). EPA attempted to take that predicate step here, *see* 88 Fed. Reg. at 36,689; 88 Fed. Reg. 9,336, 9,359-60 (Feb. 13, 2023), but this Court stayed the effect of the Texas SIP disapproval after concluding that

Texas Petitioners had a strong likelihood of success on their petitions for review of that action. *Texas 2023* at 18.

With a stay of the SIP disapproval in place, EPA should have stood down. But, even with the stay in place, on June 5, 2023, EPA published a FIP for Texas anyway. 88 Fed. Reg. at 36,654. EPA has all but admitted that it lacked authority to do so. *See* Goffman Memo ("EPA's authority to establish the Good Neighbor Plan's requirements for sources in . . . Texas stems from the disapproval of [Texas's] SIP[].") (Exhibit 2). Its statement that it will take another action in the future to stop the wheels it put in motion, *see id.*, does not change the fact that the Texas FIP was published in violation of the statutory framework and this Court's stay order and should be considered a nullity.

To prevent irreparable harm in the meantime, the Court should stay EPA's Texas FIP for the same reasons it stayed EPA's antecedent Texas SIP disapproval. And to streamline these proceedings and conserve judicial and party resources, the Court should confirm that this Circuit is the proper venue for review of EPA's Texas FIP and hold this case in abeyance pending a final resolution of Texas Petitioners' challenges to EPA's SIP disapproval in No. 23-60069.

Pursuant to Fifth Circuit Rule 27.4, counsel for Texas Petitioners have conferred with the other parties regarding their position on this motion. Respondent EPA reserves its position on, and right to respond to, the motion. Petitioners the

State of Louisiana and Louisiana Department of Environmental Quality and Petitioners the State of Mississippi and Mississippi Department of Environmental Quality take no position on the motion.

The motion to stay is filed pursuant to Federal Rule of Appellate Procedure 18(a)(2)(A)(i), which authorizes a motion for a judicial stay without first moving before the agency where doing so would be impracticable.  That is the case here. EPA is already aware that it lacks the authority to impose a FIP on Texas, and it has recognized the need to take action after its publication of the Texas FIP.  Yet the Goffman Memo provides no firm timeline for doing so.  It instead states only that the action "will become effective by no later than the [purported] effective date of" the Texas FIP—*i.e.*, August 4, 2023.  As a practical matter, relying on EPA's uncertain representations would leave Texas Petitioners without adequate recourse if EPA fails to take timely action that is certain to prevent irreparable harm or if EPA's remedial action itself is challenged by other parties.  Relief from this Court is the only definitive remedy.  It would ensure that the *Texas 2023* stay order continues to have its intended effect.  And as explained below, it would also avoid the distraction of collateral litigation that might arise from any forthcoming EPA action addressing the improperly published Texas FIP.

## BACKGROUND

A.    The Final Rule addresses the "good neighbor" requirement under the interstate-transport provision of the Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I).  Because the wind is "heedless of state boundaries," the good-neighbor provision requires that a State limit its emissions to the extent they contribute significantly to nonattainment in, or interfere with maintenance by, downwind States with respect to any NAAQS. *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 496 (2014).  Under the Act's structure of "cooperative federalism," each State is charged with submitting a SIP demonstrating how it will implement this provision.  *Texas v. EPA*, 829 F.3d 405, 411 (5th Cir. 2016) ("*Texas 2016*").  So long as that SIP complies with the Act, EPA must approve it.  *Luminant Generation Co. LLC v. EPA*, 675 F.3d 917, 921 (5th Cir. 2012).  If a SIP does not comply with the Act, EPA may issue a rule disapproving it.  *Train v. Nat. Res. Def. Council, Inc.*, 421 U.S. 60, 79 (1975).  If EPA lawfully disapproves a State's SIP, EPA then has two years to promulgate a FIP for that State.  *See* 42 U.S.C. § 7410(c)(1); *EME Homer*, 572 U.S. at 507-08. A FIP is necessarily state-specific—it is "a plan (or portion thereof) promulgated by [EPA] to fill all or a portion of a gap or otherwise correct all or a portion of an inadequacy in a [SIP]."  42 U.S.C. § 7602(y).

B.    Texas timely submitted its SIP for the 2015 8-hour ozone NAAQS in August 2018.  *See* 87 Fed. Reg. 9,798, 9,824 (Feb. 22, 2022).  EPA attempted to

disapprove Texas's SIP in February 2023, long after its statutory deadline to do so. *See* 42 U.S.C. § 7410(k)(2); 88 Fed. Reg. at 9,359-60. Texas Petitioners challenged that SIP disapproval in this Court and moved for a stay. Docs. 1-1, 3-1, 5-1, 31-1, 32-1, *Texas v. EPA*, No. 23-60069 (5th Cir.). This Court granted a stay on May 1, 2023, concluding that Texas "Petitioners have made a strong showing that the EPA 'acted arbitrarily, capriciously, [and] unlawfully.'" *Texas 2023* at 22 (quoting *Texas 2016*, 829 F.3d at 424-25). The Court also denied EPA's motion to transfer the SIP-disapproval case to the D.C. Circuit, concluding that EPA's action was "locally or regionally applicable" and was not "based on a determination of nationwide scope or effect." *Texas 2023* at 11 (citation and quotation marks omitted).

Thus, EPA's action disapproving Texas's SIP had no effect beginning May 1, 2023, and continues to have no effect today. Yet on June 5, 2023, while the stay was in place, EPA published a FIP for Texas anyway. 88 Fed. Reg. at 36,654. In that final action, EPA did not mention this Court's stay of Texas's SIP disapproval or that EPA could not satisfy the Act's necessary prerequisite for issuing a FIP for Texas. *See id*. at 36,689. Instead, a few days before EPA published the Final Rule, EPA issued a memorandum signed by an administrator in EPA's Office of Air and Radiation titled: "Notice of Forthcoming EPA Action to Address Judicial Stay Orders." *See* Goffman Memo.

The Goffman Memo acknowledged that this Court issued an order "staying, pending judicial review, EPA's SIP disapproval action with respect to" Texas. *Id.* It also noted that this Court and others had also stayed SIP disapprovals for several other States. *Id.* (referencing Arkansas, Kentucky, Louisiana, Missouri, and Texas). And it conceded that "EPA's authority to establish [FIP] requirements for sources in" Texas and those other States "stems from the disapproval of the states' SIPs." *Id.* But rather than stopping the publication of the FIP for Texas, which started the clock on the effective date of the Texas FIP and the 60-day window for seeking judicial review of it, 42 U.S.C. § 7607(b)(1), EPA merely pledged in the Goffman Memo that it would "take action in the near future that will ensure the Good Neighbor Plan's requirements issued to implement good neighbor obligations for the 2015 ozone NAAQS as to sources in . . . Texas [and similarly situated States] will not take effect while the stays of the SIP disapproval action with respect to those states remain in place." The memo concluded by promising that "[t]his forthcoming action will become effective by no later than the effective date of the [Final Rule's] requirements for sources in" Texas—that is August 4, 2023. Goffman Memo; *see also* 88 Fed. Reg. at 36,654.

In sum, EPA has acknowledged that it cannot promulgate a Texas FIP until it has lawfully disapproved Texas's SIP; EPA has conceded that its disapproval of Texas's SIP is not in effect; yet EPA nevertheless published a FIP for Texas, coupled

with a nonbinding memo promising that at some point in the future, it would attempt to limit the effects of its unlawful action in some way.

## ARGUMENT

### I.    The Court should stay the Texas FIP pending judicial review.

### A.    The Court has already granted a stay of EPA's disapproval of Texas's SIP, so the Texas FIP should likewise be stayed.

EPA lacks statutory authority to promulgate a FIP for Texas without first validly disapproving Texas's SIP.  EPA tried to disapprove Texas's SIP, but this Court granted a stay of that SIP disapproval.  Staying EPA's Texas FIP flows naturally from this Court's earlier stay of EPA's Texas SIP disapproval—and would ensure the continuing effect of that earlier stay.

The Court considers four factors in deciding whether to stay agency action pending review:  (1) likelihood of success on the merits, (2) irreparable harm to the movant, (3) the balance of harms between the petitioner and respondent, and (4) whether relief would serve the public interest.  *Texas 2016*, 829 F.3d at 424 (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)).  For all the reasons the Court gave in *Texas 2023*, each of those factors favors Texas Petitioners here.

On likelihood of success, the Court's stay order in *Texas 2023* confirmed that Texas Petitioners "made a strong showing that," in disapproving Texas's SIP, "EPA 'acted arbitrarily, capriciously, [and] unlawfully.'"  *Texas 2023* at 22 (citing *Texas 2016*, 829 F.3d at 424-25).  Because EPA's lawful disapproval of Texas's SIP is a

7

condition precedent to EPA's imposition of a FIP on Texas, Texas Petitioners' likely success in the SIP-disapproval action necessarily produces the same likelihood that the FIP will be set aside (without even considering any legal shortcomings in the Texas FIP itself).

As for the remaining factors, this Court already concluded in *Texas 2023* that the harms flowing from EPA's disapproval of Texas's SIP and the resulting Texas FIP requirements would irreparably harm Texas Petitioners. Specifically, the Court noted that the "Final SIP Denial was the statutory prerequisite for the EPA to create the Final FIP and impose [EPA's] preferred system of emissions controls and reductions on the States." *Id.* Allowing the FIP to go into effect would "disrupt the system of cooperative federalism enshrined in the Clean Air Act," "force[]" Texas Petitioners "to spend billions of dollars in compliance costs to achieve the Final FIP's emissions-reduction targets," and "strain Texas's" "power grids," all of which the Court correctly concluded were irreparable harms. *Id.* at 22-23; *see also* Docs. 31-1, 31-2, 32-1, 32-2, 197, 203-1, 203-2, *Texas v. EPA*, No. 23-60069 (5th Cir.) (stay motions and replies attaching evidence of irreparable harm) (Exhibits 3-6). And "EPA, by contrast, [did] not demonstrate[] that issuance of the stay [would] substantially injure [EPA] or undermine the public interest." *Texas 2023* at 24 (citation and quotation marks omitted). EPA did not seek reconsideration of the Court's stay order.

In short, a stay of the Texas FIP flows directly from the Court's stay of EPA's disapproval of Texas's SIP. Accordingly, the Court should grant Texas Petitioners a stay of the FIP pending judicial review of the SIP disapproval action, thereby preventing the irreparable harms identified by the Court in *Texas 2023*.*

**B.    EPA's promised administrative action is not certain to prevent the irreparable harms identified in the Court's stay of the Texas SIP disapproval.**

EPA has conceded that it lacks the authority to impose a binding FIP without a lawful SIP disapproval in place; otherwise, there would be no need for EPA's forthcoming action that the Goffman Memo vaguely promises. That forthcoming action, whatever its form, does not obviate the need for a judicial stay. Even if EPA were to revise the Texas FIP it has already published or somehow pause or delay the effects of the Texas FIP, only judicial relief can definitively protect Texas Petitioners from the irreparable harms that the Court took action to avoid in *Texas 2023*.

1.    EPA has told the Court that, before the Texas FIP takes effect, it will issue its own stay of that and other actions. Respondents' Reply in Support of Their Motion for Extension of Time and Leave to File Consolidated Oversized Response Brief at 4-5, Doc. 381, *Texas v. EPA*, No. 23-60069 (5th Cir. June 13, 2023) ("EPA

---

* Texas Petitioners' request here is based solely on EPA's lack of authority to impose a FIP while its SIP disapproval is stayed. Texas Petitioners reserve their right to challenge the merits of EPA's Texas FIP and to seek a stay of the Texas FIP based on its substantive errors if, for instance, the Court were to uphold EPA's disapproval of Texas's SIP in No. 23-60069.

is in the process of preparing an administrative action before the effective date of the Good Neighbor Plan, which will stay the effectiveness of the Good Neighbor Plan for [Texas and several other States], ensuring the status quo is maintained as of that date."). But EPA did not explain to the Court how an agency stay would function, the scope of the stay, or what authority it would proceed under. And, while EPA claimed to have "clearly represented that it will comply with this Court's stay orders," *id*. at 4, it did not provide the precise contours of its future action, nor has it finalized that action.

EPA's actions to date do not eliminate Texas Petitioners' irreparable harm, and Texas Petitioners cannot be certain that EPA's future action will be sufficient. Indeed, if EPA merely takes an action to stay the Texas FIP while the SIP disapproval remains stayed by this Court, that raises more questions than it answers. Consider the many requirements for sources announced in the Texas FIP. *Texas 2023* at 23 (concluding that Texas Petitioners were irreparably harmed by unrecoverable "costs of buying new equipment and retrofitting existing equipment; installing, operating, and maintaining that machinery; and purchasing allowances (at greater cost) on the emissions-trading market"). Simply pausing the Texas FIP's requirements on sources, yet leaving the Texas FIP otherwise in place, would not necessarily toll future compliance deadlines that EPA or others may claim should be met if this Court were to ultimately uphold EPA's Texas SIP disapproval. Meeting

10

those future deadlines would require efforts now, as this Court has recognized. *Id.* at 22-23 ("[M]any regulated entities have already commenced compliance efforts or will soon be required to do so. . . . The EPA's Final SIP Denial has thus already caused irreparable injury. Unless stayed, it will do even more harm."). A stay of the Texas FIP by this Court would thus remove the uncertainty caused by EPA's publication of the Texas FIP and the undefined contours of any forthcoming EPA action. It would also ensure that compliance efforts need not be undertaken, and harm incurred, while the Court completes its review of EPA's likely unlawful SIP disapproval.

     **2.** EPA's promised action would fall short in another way. The more relief EPA grants, the more likely *that action* is to be challenged in court, possibly in a different and improper venue. Parties, including ones that sought intervention in this case, have often sought judicial review of EPA-issued stays. *See, e.g.*, *Clean Air Council v. Pruitt*, 862 F.3d 1, 14 (D.C. Cir. 2017) (vacating a temporary EPA stay action); *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 36 (D.D.C. 2012) (same). While such an action should not succeed here, it would nonetheless waste judicial resources, multiply proceedings, cause unnecessary delay, and prolong the regulatory uncertainty faced by Texas Petitioners. Only a judicial stay of the Texas FIP can eliminate the risk of irreparable harm and duplicative proceedings.

For these reasons, the Court should act consistently with the SIP-disapproval stay in *Texas 2023* and stay the Texas FIP to ensure that Texas Petitioners are not irreparably harmed.

## II.    The Court should confirm that venue for judicial review of EPA's Texas FIP is proper only in this Court.

Because this Court unquestionably has jurisdiction over the petitions for review, it may enter a stay of EPA's Texas FIP without addressing the question of venue. *See Texas 2016*, 829 F.3d at 418 (holding that the Court has jurisdiction and the "power to consider the motion for a stay" even when venue is contested). Even so, in the interest of judicial economy, the Court should, in addition to entering a stay of EPA's Texas FIP, also confirm that this Court is the proper venue for a final decision on the merits.

This Court has already concluded that venue for judicial review of EPA's Texas SIP disapproval—again, the antecedent action to EPA's Texas FIP—is proper only in this Court. *Texas 2023* at 6-13. EPA did not seek reconsideration of that order. The same provision of the Act that governs venue for EPA action on SIPs governs venue for EPA FIP actions and compels the same result here. *See* 42 U.S.C. § 7607(b)(1). Under that provision, a "petition for review of the [EPA] Administrator's action in approving or promulgating any implementation plan under section 7410 of this title"—the provision of the Act addressing SIPs and FIPs—

12

"may be filed only in the United States Court of Appeals for the appropriate circuit." *Id*.; *see also Texas 2016*, 829 F.3d at 419.

As a procedural matter, this Court has decided the venue issue under 42 U.S.C. § 7607(b)(1) both in the context of a motion to transfer, *see, e.g*., *Texas 2023* at 13, and expeditiously in response to a motion to confirm venue, *see, e.g.*, Order, Doc. 49-2, *Texas v. EPA*, No. 18-60606 (5th Cir. Oct. 26, 2018).  Given the posture of this case, Texas Petitioners submit that the second course is proper here.

### A.   The Texas FIP is locally or regionally applicable, not nationally applicable.

Under Section 7607(b)(1), as interpreted and applied by this Court's binding precedent, the "default presumption" is that the proper venue for review of EPA's Texas FIP is this Court. *Texas 2016*, 829 F.3d at 419.  Indeed, a plain reading of section 7607(b)(1) would indicate that EPA's action in "*promulgating* any implementation plan" (*i.e.*, a FIP) is by default reviewable only in the regional circuits without inquiring further as to whether it is "locally or regionally applicable." *See id*. at 419 n.16 (discussing application of the "last-antecedent canon" to 42 U.S.C. § 7607(b)(1)).

In any case, EPA's Texas FIP is no less "locally or regionally applicable" than EPA's disapproval of Texas's SIP.  As this Court has explained, "[t]he question of applicability turns on the legal impact of the action," not EPA's reasoning or petitioners' challenges. *Id.* at 419; *see also Texas 2023* at 8 n.3. Here, the legal

13

impact of EPA's Texas FIP is in Texas—EPA's Texas FIP imposes "FIP requirements for decreases in emissions of nitrogen oxides" ("NO$_X$") only on owners and operators of facilities "located in the State of Texas and Indian country within the borders of the State." 88 Fed. Reg. at 36,894 (amending 40 C.F.R. § 52.2283(d)(3)).

Indeed, as a matter of law, EPA's SIP disapproval and its replacement FIP are two sides of the same coin. The Act defines a FIP as "a plan (or portion thereof) promulgated by the [EPA] Administrator to fill all or a portion of a gap or otherwise correct all or a portion of an inadequacy in a [SIP]." 42 U.S.C. § 7602(y). Accordingly, a FIP may do only the work that a single State could have—and, in EPA's view, should have—done in the first place. *See id.* § 7410(c)(1) (requiring EPA to promulgate a FIP for any State that fails to submit an adequate SIP). And just as a SIP may not dictate emissions-control requirements beyond the borders of the State that prepares it, *see id.* § 7410(a)(1), so may EPA not promulgate a FIP that dictates emissions-control requirements outside of that State, *see id.* §§ 7410(c)(1), 7602(y). To use EPA's words, "the EPA in effect steps into the shoes of a state when it promulgates a FIP." 88 Fed. Reg. at 36,675.

That is why, although it established "FIP requirements" for multiple States at the same time, *id.* at 36,656, the Final Rule is by statutory necessity a collection of individual, single-state FIPs. The Final Rule confirms that. *See id.* at 36,656-59

14

(describing the individual FIPs (plural) that EPA promulgated for States included in the Final Rule); *see also, e.g.*, *id.* at 36,657 (explaining that "[f]or seven states currently covered by [an earlier EPA rule] under SIPs or FIPs, the EPA is issuing new FIPs for two states (Alabama and Missouri) and amending existing FIPs for five states (Arkansas, Mississippi, Oklahoma, Texas, and Wisconsin)"). Because its legal authority for a FIP is grounded in deficiencies in an individual State's SIP, EPA took a separate FIP action as to "each state" based on a prior separate SIP disapproval or finding that a State had failed to timely submit a SIP at all. *Id.* at 36,688-89. And EPA codified the requirements "in the state-specific subparts of 40 CFR part 52 for each of the ten states [including Texas] that the EPA is adding to the Group 3 trading program." *Id.* at 36,854; *see* 40 C.F.R. § 52.2283(d)(3) (Texas FIP provision); EPA, *Response to Public Comments on Proposed Rule, 87 Fed. Reg. 20,036*, Docket No. EPA-HQ-OAR-2021-0668-1127, at 7 (Apr. 6, 2022) ("The EPA has promulgated the relevant FIPs in this action through provisions codified in each of the state-specific subparts of 40 Code of Federal Regulations part 52.").

Thus, for purposes of venue, the relevant "action" in the Final Rule is EPA's Texas FIP, and not its FIPs for other States or all of the FIPs collectively. *See* Docs. 1-1 at 1-2, 3-1 at PDF 4-5, 5-1 at PDF 4-5, *Texas v. EPA*, No. 23-60069 (5th Cir.) (Texas Petitioners' petitions for review challenging, under Federal Rule of Appellate Procedure 15(a)(2)(C), only the part of the Final Rule that promulgated a FIP for

Texas). As this Court has explained, "[w]e look primarily to the text of the statute" and, in particular, "the legal source of [EPA]'s authority to take the challenged actions" to determine the relevant agency action for purposes of venue under 42 U.S.C. § 7607(b)(1). *Texas 2023* at 7-8. Here, the source of that authority lies in sections 7410(c)(1) and 7602(y) of the Act, which authorize EPA to issue a FIP only for the particular deficiency in an individual State's SIP that EPA previously identified in its antecedent disapproval. EPA's "chosen method of publishing an action"—here, alongside other FIPs for other States—"isn't controlling." *Texas 2023* at 9. Instead, "[w]hat controls is the CAA. And the CAA is very clear: The relevant unit of administrative action here is the EPA's individual [FIP]." *Id.*

### B. The Texas FIP is not based on a determination of nationwide scope or effect.

For the same reasons, the "determination" upon which EPA's Texas FIP is based is not, as a matter of law, "of nationwide scope or effect." 42 U.S.C. § 7607(b)(1). Thus, EPA cannot "overcome the 'default presumption' that petitions for review of locally or regionally applicable actions 'may only be filed in the United States Court of Appeal for the appropriate circuit.'" *Texas 2023* at 11 (citations omitted).

Because a FIP may only replace a SIP, EPA's Texas FIP is necessarily grounded in the same state-specific determinations as EPA's disapproval of Texas's SIP. Under the "good neighbor" provision, the statutory obligation is to

16

"prohibit[] . . . any source or other type of emissions activity *within the State* from emitting any air pollutant in amounts which will—(I) contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any such [NAAQS]." 42 U.S.C. § 7410(a)(2)(D)(i) (emphasis added). Thus, in disapproving Texas's SIP, EPA explained that "Texas was required to analyze emissions from the sources and other emissions activity from within the State to determine whether its contributions were significant" but concluded (wrongly) that Texas had not done so. 87 Fed. Reg. at 9,834. In promulgating the replacement FIP, EPA claimed to undertake that same analysis—"evaluat[ing] each state's contribution," as required by section 7410(a)(2)(D)—and reached different conclusions for each State. 88 Fed. Reg. at 36,677. The determinations were state-specific, by EPA's own description. "EPA evaluated each state's contribution," *id.* at 36,677, and explained that "each state must be held to the elimination of its own significant contribution." *Id.* at 36,688.

Moreover, EPA's FIP remedy for each State—*i.e.*, a certain amount of NO$_X$ emissions reductions—was based on a state-specific determination of each "specific" State's individual "significant contribution" as calculated by EPA. *Id.* at 36,708. While EPA used a "uniform level of NO$_X$ emissions control stringency across all of the linked states" to examine reductions for each State, *id.* at 36,719, the final emission budget for each individual State was necessarily state-specific and

    
included EPA's individual "evaluat[ion] [of] the potential for over-control . . . for each state for each period that downwind nonattainment and maintenance problems persist (*i.e.*, 2023 and 2026)," *id.* at 36,750; *see also id.* (explaining that "over-control" analysis is "based on particularized, record evidence on an as-applied [state-specific] basis").

These are "intensely factual determinations" that, under this Court's precedent, are not of nationwide scope or effect. *Texas 2016*, 829 F.3d at 421. Just as with EPA's Texas FIP at issue in *Texas 2016*, "[t]hese determinations all related to the particularities of the emission sources in Texas" and their alleged impact on downwind air quality. *Id.* Thus, here, as with EPA's disapproval of Texas's SIP, "EPA [cannot] rebut the default presumption that locally or regionally applicable actions must *not* be transferred to the D.C. Circuit." *Texas 2023* at 13 (emphasis added). The Court should therefore confirm that venue is proper only in this Court.

### III.   After staying the Texas FIP and confirming venue, the Court should hold this case in abeyance while the Court resolves the challenges to EPA's disapproval of Texas's SIP.

Once the Court stays the Texas FIP and confirms that venue is proper, the Court should hold this case in abeyance while it reviews EPA's disapproval of Texas's SIP in No. 23-60069. No purpose would be served by requiring the parties to expend resources litigating over a FIP that lacks the legal prerequisite of a valid SIP disapproval. The FIP challenge, moreover, would be easily resolved if the Court

were to take the "likely" step, *Texas 2023* at 18, of setting aside the SIP disapproval—with vacatur of the SIP disapproval, vacatur of the Texas FIP would be perfunctory. In the interest of judicial economy, the Court should pause the FIP proceedings pending this Court's review of EPA's disapproval of Texas's SIP. In the unlikely event that EPA's disapproval of Texas's SIP is upheld, Texas Petitioners can then proceed with their challenge to the substance of EPA's Texas FIP.

## **CONCLUSION**

The Court should stay the Texas FIP, confirm that venue for petitions for review of the Texas FIP lies in this Court, and hold this case in abeyance pending resolution of No. 23-60069.  Texas Petitioners additionally request an administrative stay to the extent necessary to aid the Court's decisional process.

Respectfully submitted.

JOHN SCOTT
Provisional Attorney General

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

LANORA C. PETTIT
Principal Deputy Solicitor General

/s/ Bill Davis
BILL DAVIS
Deputy Solicitor General
Bill.Davis@oag.texas.gov

MICHAEL R. ABRAMS
WILLIAM F. COLE
Assistant Solicitors General

*Counsel for State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas*

20

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC*

<u>s/ Aaron M. Streett</u>
Aaron M. Streett
Matthew L. Kuryla
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
Tel.: (713) 229-1234
Fax: (713) 229-1522
aaron.streett@bakerbotts.com

*Counsel for Petitioners Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, and Texas Oil & Gas Association*

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, counsel for Texas Petitioners have conferred with the counsel for the other parties regarding this motion. Counsel for Respondent has stated that EPA reserves its position on, and right to respond to, the motion. Counsel for Petitioners the State of Louisiana and Louisiana Department of Environmental Quality and Counsel for Petitioners the State of Mississippi and Mississippi Department of Environmental Quality have stated that those parties take no position on the motion.

Dated: June 26, 2023

s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 4,684 words, excluding the items allowed to be excluded pursuant to Fed. R. App. P. 32(f), as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated: June 26, 2023

s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 26th day of June, 2023.


s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*