No. 23-60300

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF TEXAS, et al.,

*Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents.*

## Motion of the States of New York, Connecticut, Delaware, Illinois, Maryland, and New Jersey, the District of Columbia, and Harris County, Texas, for Leave to Participate as Amici Curiae in Support of Respondents

New York, Connecticut, Delaware, Illinois, Maryland, and New Jersey; the District of Columbia; and Harris County, Texas (Proposed Amici) are States and municipal governments that are negatively affected by ozone-forming pollution from sources in Texas, Mississippi, and other upwind States. For the following reasons, Proposed Amici seek leave to participate in this proceeding as amici curiae in support of respondents the U.S. Environmental Protection Agency (EPA) and Michael S. Regan, and in partial opposition to the Texas and Mississippi Petitioners' motions for a stay, to confirm venue, and to hold the case in

abeyance (Tex. Pet'rs' Mot. to Stay Resp'ts' Final Action, Confirm Venue, and Hold Case in Abeyance, ECF No. 37-1 (Tex. Mot.); Miss. Pet'rs' Joint Mot. to Stay Resp'ts' Final Action, Confirm Venue, and Hold Case in Abeyance, ECF No. 50 (Miss. Mot.)):*

1.     Proposed Amici have sovereign and proprietary interests in the public health and welfare of their residents, as well as in the protection of public parks, waterways, and other government property. Proposed Amici are charged with reducing the deleterious impacts of ozone pollution on their residents and natural resources.

2.     Further, the States among Proposed Amici also have primary statutory authority and responsibility under the Clean Air Act to achieve compliance with the national ambient air quality standards for ozone (ozone NAAQS) in their respective jurisdictions. *See* 42 U.S.C. § 7410(a)(1).

---

* The Texas Petitioners are the State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, Railroad Commission of Texas, Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, Texas Oil & Gas Association, Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC. *See* Tex Mot. at xi. The Mississippi Petitioners are the State of Mississippi, the Mississippi Department of Environmental Quality, and Mississippi Power Company. *See* Miss. Mot. at i.

3. On June 5, 2023, EPA published a final rule entitled "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards" 88 Fed. Reg. 36,654 (June 5, 2023). Like the existing programs upon which it is based, the Good Neighbor Plan reduces the interstate transport of ozone-forming pollutants from "upwind" sources that significantly contribute to harmful levels of ozone in "downwind" areas, such as the New York-Northern New Jersey-Long Island, NY-NJ-CT Area (New York City Metropolitan Area), the Greater Connecticut, CT Area, the Chicago, IL-IN-WI Area (Chicago Area), and the Houston-Galveston-Brazoria, TX area.

4. Due to geography and established weather patterns, ozone-forming pollutants emitted by sources in upwind States, including Texas and Mississippi, can drift hundreds or thousands of miles into downwind areas, including Proposed Amici's jurisdictions. This upwind pollution often causes high ozone levels and can significantly contribute to nonattainment or interfere with maintenance of the ozone NAAQS in such areas. *See* 88 Fed. Reg. at 36,670; 42 U.S.C. § 7410(a)(2)(D)(i)(I).

5. For example, EPA's modeling shows that emissions from sources in Texas significantly contribute to nonattainment of the 2015

ozone NAAQS in areas for which certain of the Proposed Amici are responsible, including the tristate Chicago Area, which includes portions of Illinois. Similarly, sources in Mississippi significantly contribute to nonattainment of the 2015 ozone NAAQS in the Houston-Galveston-Brazoria, TX Area, which includes Harris County, Texas. Amici in the New York City Metropolitan Area also receive high levels of cross-border ozone from Texas sources that contribute to nonattainment. *See* EPA, *Air Quality Modeling Technical Support Document: 2015 Ozone NAAQS Good Neighbor Plan* app. C at C-2 to -3 (2023).

6. Proposed Amici seek leave to file the attached amicus brief supporting respondents' partial opposition to Texas's and Mississippi's motions to stay the Good Neighbor Plan in part, to confirm venue, and to hold the case in abeyance.

7. The proposed amicus brief includes material that is "relevant to the disposition" of the motions and that would be helpful for the Court to consider. Fed. R. App. P. 29(a)(3)(B).

8. Specifically, the proposed amicus brief explains that Texas's and Mississippi's stay motions are superfluous because Texas and Mississippi have already obtained stays of EPA's predicate regulatory

action disapproving their state implementation plans—stays that Texas and Mississippi argued at the time would protect them from injuries purportedly caused by the Good Neighbor Plan. S*ee* Order at 22-23, *Texas v. EPA*, No. 23-60069 (5th Cir. May 1, 2023), ECF No. 269-1; Order at 2 (June 8, 2023), ECF No. 359-2. The proposed amicus brief explains that Texas's and Mississippi's stay motions are superfluous for the additional reason that EPA has issued an interim final rule that expressly stays the Good Neighbor Plan's requirements for sources in their States. *See* EPA, Response to Judicial Stays of SIP Disapproval Action for Certain States ("Stay Rule") (signature version).

9.    In addition, if the Court reaches the issue of venue as part of these motions, Proposed Amici's perspective as downwind States that receive harmful ozone contributions from sources in multiple upwind States will aid the Court in understanding why Congress committed judicial review of nationally applicable rules like the Good Neighbor Plan to the D.C. Circuit alone. *See* 42 U.S.C. § 7607(b)(1).

10.    As the proposed amicus brief explains, the Good Neighbor Plan aims to remedy interstate ozone pollution by prohibiting excess emissions from sources in twenty-three upwind States that span eight

EPA regions and ten federal judicial circuits. *See* 88 Fed. Reg. at 26,860. The Good Neighbor Plan rests on an established four-part analytical framework, including a uniform, numerical contribution threshold for upwind States. S*ee id.* at 36,373 (citing *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 519 (2014)). The Good Neighbor Plan also fulfills EPA's obligations to prohibit significant interstate ozone pollution by expanding an existing multistate emissions allowance trading program. *See id.* at 36,657. As Proposed Amici explain, these broad-based and interconnected features of the Good Neighbor Plan require centralized review in a single forum.

11. Further, Proposed Amici have strong interests in avoiding piecemeal determination of critical issues that affect Proposed Amici's protection of their residents' health, stewardship of their natural resources, and fulfillment of their legal responsibilities under the Clean Air Act. *See Texas v. EPA*, No. 10-60961, 2011 WL 710598, *4, *5 (5th Cir. Feb. 24, 2011). Allowing some petitioners to seek review in this Court, rather than in the statutorily required forum where all prior ozone transport rules have been heard, would likely lead to confusion and inconsistent rulings on critical aspects of the Good Neighbor Plan—

prejudicing Proposed Amici's interests in a uniform, national framework for addressing interstate ozone pollution, and preventing some Proposed Amici from attaining or maintaining the 2015 ozone NAAQS within their respective jurisdictions.

12.     The Court has previously allowed participation of amici curiae on a motion for preliminary relief. *See, e.g.* Order at 2, *All. for Hippocratic Med. v. Food & Drug Admin.*, No. 23-10362 (5th Cir. Apr. 11, 2023), ECF No. 51-1 (granting States leave to file amicus brief in support of motion for stay pending appeal).

13.     Counsel for Proposed Amici have conferred with counsel for all parties in this case regarding the instant motion. Respondents and Intervenors consent to Proposed Amici's motion for leave to participate as amici. Petitioners take no position on the motion.

14.     Proposed Amici respectfully request leave to file the proposed amicus brief.

Dated:  New York, New York
         July 10, 2023

                              Respectfully submitted,

                              LETITIA JAMES
                                 *Attorney General*
                                 *State of New York*
                              BARBARA D. UNDERWOOD
                                 *Solicitor General*
MORGAN A. COSTELLO            JUDITH N. VALE
CLAIBORNE E. WALTHALL           *Deputy Solicitor General*
  *Assistant Attorneys General*
  *Environmental Protection Bureau*   */s/ Elizabeth A. Brody* *
                              ELIZABETH A. BRODY
                              *Assistant Solicitor General*

                              Office of the Attorney General
                              28 Liberty Street, 23rd Floor
                              New York, NY 10005
                              (212) 416-6167
                              elizabeth.brody1@ag.ny.gov

*(Counsel listing continues on next page.)*

---

* Counsel for the State of New York certifies that the other parties listed in the signature blocks consent to this filing.

8

WILLIAM TONG
  *Attorney General*
  *State of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*
Department of Justice
820 N. French Street
Wilmington, DE 19801

KWAME RAOUL
  *Attorney General*
  *State of Illinois*
100 West Randolph Street
Chicago, IL 60601

ANTHONY G. BROWN
  *Attorney General*
  *State of Maryland*
200 St. Paul Place
Baltimore, MD 21202

MATTHEW J. PLATKIN
  *Attorney General*
  *State of New Jersey*
25 Market St.
Trenton, NJ 08625

BRIAN L. SCHWALB
  *Attorney General*
  *District of Columbia*
400 6th Street, NW, Suite 8100
Washington, DC 20001

CHRISTIAN MENEFEE
  *County Attorney*
  *Harris County, Texas*
1019 Congress, 15th Floor
Houston, TX 77002

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Oren L. Zeve, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 1,489 words and complies with the typeface requirements and length limits of Rules 27, 29, and 32(a)(5)-(7) and the corresponding local rules.

_/s/ Oren L. Zeve_____

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, the foregoing motion and brief for amici curiae were filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: New York, NY
        July 10, 2023

*/s/ Elizabeth A. Brody*
