No. 23-60300

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

STATE OF TEXAS, et al.,

*Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents.*

## BRIEF FOR STATES OF NEW YORK, CONNECTICUT, DELAWARE, ILLINOIS, MARYLAND, AND NEW JERSEY, THE DISTRICT OF COLUMBIA, AND HARRIS COUNTY, TEXAS, AS AMICI CURIAE IN SUPPORT OF RESPONDENTS

BARBARA D. UNDERWOOD
  *Solicitor General*
JUDITH N. VALE
  *Deputy Solicitor General*
ELIZABETH A. BRODY
  *Assistant Solicitor General*
MORGAN A. COSTELLO
CLAIBORNE E. WALTHALL
  *Assistant Attorneys General*
  *Environmental Protection Bureau*
    *of Counsel*
(*Additional counsel listed on signature pages.*)

LETITIA JAMES
  *Attorney General*
  *State of New York*
28 Liberty Street
New York, New York 10005
(212) 416-6167
elizabeth.brody1@ag.ny.gov

Dated: July 10, 2023

## CERTIFICATE OF INTERESTED PERSONS
### Supplemental Statement of Interested Parties
### Pursuant to Local Rule 29.2

### *State of Texas v. EPA,*

### No. 23-60300

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. <u>Petitioners</u>: State of Texas; Texas Commission on Environmental Quality; Public Utility Commission of Texas; Railroad Commission of Texas; Luminant Generation Co., LLC; Coleto Creek Power, LLC; Ennis Power Co., LLC; Hays Energy, LLC; Midlothian Energy, LLC; Oak Grove Management Co. LLC; Wise County Power Co., LLC; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; State of Louisiana; Louisiana Department of Environmental Quality; State of Mississippi; Mississippi Department of Environmental Quality; and Mississippi Power Co.

2. <u>Counsel for State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas</u>: John Scott, Provisional Attorney General; Brent Webster, First Assistant Attorney General; Lanora C. Pettit, Principal Deputy Solicitor General; Bill Davis, Deputy Solicitor General; Michael R. Abrams, Assistant Solicitor General; William F. Cole, Assistant Solicitor General, all with the Office of the Attorney General for the State of Texas.

3. <u>Counsel for Luminant Generation Co. LLC, Coleto Creek Power, LLC, Ennis Power Co., LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Co. LLC, and Wise County Power Co., LLC</u>: P. Stephen Gidiere III and Julia B. Barber with Balch & Bingham, LLP; Stephanie Z. Moore, Executive Vice President & General Counsel Daniel J. Kelly, Senior Vice President &

Deputy General Counsel, and David W. Mitchell, Senior Counsel, Environmental, with Vistra Corp.

4. <u>Counsel for Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, and Texas Oil & Gas Association</u>: Matthew L. Kuryla and Aaron M. Streett with Baker Botts L.L.P.

5. <u>Counsel for State of Louisiana and Louisiana Department of Environmental Quality</u>: Elizabeth B. Murrill, Solicitor General, and Joseph S. St. John, Deputy Solicitor General, with the Louisiana Department of Justice; Courtney J. Burdette, Executive Counsel, and Jill C. Clark, General Counsel, with the Louisiana Department of Environmental Quality; Jeffrey A. Hall and Marcella Burke with the Burke Law Group.

6. <u>Counsel for State of Mississippi and Mississippi Department of Environmental Quality</u>: Lynn Fitch, Attorney General; Whitney H. Lipscomb, Deputy Attorney General; and Justin L. Matheny, Deputy Solicitor General; all with the State of Mississippi Office of the Attorney General.

7. <u>Counsel for Mississippi Power Company</u>: C. Grady Moore III and Susan Scaggs Stutts with Balch & Bingham LLP; Shawn S. Shurden, General Counsel, Mississippi Power Company.

8. <u>Respondents</u>: United States Environmental Protection Agency; Michael S. Regan, Administrator, U.S. Environmental Protection Agency.

9. <u>Counsel for Respondents</u>: Merrick Garland, Attorney General, Todd Sunhwae Kim, Assistant Attorney General, Chloe H. Kolman, Senior Attorney; Elisabeth H. Carter, and Zoe Palenik, all with the U.S. Department of Justice; Jeffrey Prieto, Daniel P. Schramm, and Hali Kerr with the Office of General Counsel, U.S Environmental Protection Agency.

10. <u>Intervenors</u>: Air Alliance Houston; Clean Wisconsin; Downwinders at Risk; Louisiana Environmental Action Network; Sierra Club

11. <u>Counsel for Intervenors</u>: Joshua D. Smith and Zachary M. Fabish with Sierra Club; Kathleen L. Riley and Seth L. Johnson with Earthjustice; Shaun A. Goho with Clean Air Task Force.

12. <u>Proposed Amici</u>: State of New York; State of Connecticut; State of Delaware; State of Illinois; State of Maryland; State of New Jersey; District of Columbia; and Harris County, Texas.

13. <u>Counsel for Proposed Amici</u>:

    a. <u>Counsel for the State of New York</u>: Letitia James, Attorney General; Barbara D. Underwood, Solicitor General; Judith N. Vale, Deputy Solicitor General; Elizabeth A. Brody, Assistant Solicitor General; Morgan A. Costello, Assistant Attorney General; Claiborne E. Walthall, Assistant Attorney General; all with the Office of the New York State Attorney General.

    b. <u>Counsel for the State of Connecticut</u>: William Tong, Attorney General.

    c. <u>Counsel for the State of Delaware</u>: Kathleen Jennings, Attorney General.

    d. <u>Counsel for the State of Illinois</u>: Kwame Raoul, Attorney General.

    e. <u>Counsel for the State of Maryland</u>: Anthony G. Brown, Attorney General.

    f. <u>Counsel for the State of New Jersey</u>: Matthew J. Platkin, Attorney General.

    g. <u>Counsel for the District of Columbia</u>: Brian L. Schwalb, Attorney General.

    h. <u>Counsel for Harris County, Texas</u>: Christian Menefee, Harris County Attorney.

 

              */s/ Elizabeth A. Brody*
              Elizabeth A. Brody
              *Counsel of Record for Proposed Amici*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

INTERESTS OF AMICI AND INTRODUCTION ..................................... 1

BACKGROUND ........................................................................................ 3

ARGUMENT .............................................................................................. 7

POINT I

This Court Should Deny the Motions to Stay ................................. 7

POINT II

If This Court Reaches the Question of Venue, It Should Confirm Venue in the D.C. Circuit ..................................................... 8

CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*ATK Launch Sys., Inc. v. EPA,*
  651 F.3d 1194 (10th Cir. 2011) ........................................................... 11

*EME Homer City Generation, L.P. v. EPA,*
  696 F.3d 7 (D.C. Cir. 2012) ................................................................. 9

*EPA v. EME Homer City Generation, L.P.,*
  572 U.S. 489 (2014) ......................................................................... 3, 10

*Hibbs v. Winn,*
  542 U.S. 88 (2004) .............................................................................. 12

*Michigan v. EPA,*
  213 F.3d 663 (D.C. Cir. 2000) .............................................................. 9

*Midwest Ozone Grp. v. EPA,*
  61 F.4th 187 (D.C. Cir. 2023) ............................................................. 3-4

*North Carolina v. EPA,*
  531 F.3d 896 (D.C. Cir. 2008) .............................................................. 9

*RMS of Georgia, LLC v. EPA,*
  64 F.4th 1368 (11th Cir. 2023) ........................................................... 11

*Southern Ill. Power Coop. v. EPA,*
  863 F.3d 666 (7th Cir. 2017) ......................................................... 8, 11-12

*Texas v. EPA,*
  No. 10-60961, 2011 WL 710598 (5th Cir. Feb. 24, 2011) ......... 9, 11, 13

*West Virginia Chamber of Commerce v. Browner,*
  166 F.3d 336, 1998 WL 827315 (4th Cir. 1998) ................................. 11

*Wisconsin v. EPA,*
  938 F.3d 303 (D.C. Cir. 2019) .............................................................. 9

**Laws**                                                                     **Page(s)**

42 U.S.C.
    § 7410(a)(2)(D)(i)(I) ................................................................ 4
    § 7410(c)(1) ................................................................... 4, 11
    § 7607(b)(1) ............................................................... 8, 11-12

## Regulations

80 Fed. Reg. 65,292 (Oct. 26, 2015) .......................................... 5

87 Fed. Reg. 9,798, 9,834 (Feb. 22, 2022) .................................. 5

88 Fed. Reg. 9,336 (Feb. 13, 2023) ............................................ 5

88 Fed. Reg. 36,654 (June 5, 2023) ..........................1, 3-6, 8, 10-11

EPA, Response to Judicial Stays of SIP Disapproval Action for
    Certain States, https://www.epa.gov/system/files/documents/
    2023-06/Interim final rule amending GNP in response to
    stay orders - prepublication version.pdf ............................... 1

## Miscellaneous Authorities[*]

Comment Letter from Att'ys Gen. 8 (June 21, 2022),
    https://downloads.regulations.gov/EPA-HQ-OAR-2021-0668-
    0367/attachment_1.pdf ......................................................... 4

EPA, *Air Quality Modeling Technical Support Document: 2015
    Ozone NAAQS Good Neighbor Plan* (2023),
    https://www.epa.gov/system/files/documents/2023-03/AQ
    Modeling Final Rule TSD.pdf ............................................. 10

EPA, Good Neighbor Plan for the 2015 Ozone NAAQS,
    https://www.epa.gov/csapr/good-neighbor-plan-2015-ozone-naaqs ..... 5

---

[*]All websites last visited July 10, 2023.

**Miscellaneous Authorities**                                    **Page(s)**

EPA, *Health Effects of Ozone Pollution* (last updated May 24,
    2023), https://www.epa.gov/ground-level-ozone-
    pollution/health-effects-ozone-pollution ................................................. 3

Goffman Mem. (June 1, 2023),
    https://www.epa.gov/system/files/documents/2023-
    06/Goffman Memo re Stay Orders_060123 JG %281%29.pdf ........... 6-7

## INTERESTS OF AMICI AND INTRODUCTION

This case involves a challenge to the Good Neighbor Plan, a recent rule by the U.S. Environmental Protection Agency (EPA) that expands an existing multistate framework for limiting interstate ozone pollution under the Clean Air Act. *See* 88 Fed. Reg. 36,654 (June 5, 2023). The Good Neighbor Plan includes requirements for twenty-three States to reduce smog-forming emissions that travel into fourteen downwind States.

In a related case before this Court, Texas and Mississippi already obtained stays of EPA's predicate regulatory action disapproving their respective state implementation plans—stays Texas and Mississippi argued would protect them from injuries purportedly caused by the Good Neighbor Plan. *See* Order at 22-23, *Texas v. EPA*, No. 23-60069 (5th Cir. May 1, 2023), ECF No. 269-1 (Tex. Order); Order at 2, *Texas* (June 8, 2023), No. 23-60069, ECF No. 359-2 (Miss. Order). EPA subsequently issued a rule staying the Good Neighbor Plan in these States to preserve the status quo ante. *See* EPA, Response to Judicial Stays of SIP Disapproval Action for Certain States ("Stay Rule") (signature version). [1]

---

[1] For sources available online, full URLs appear in the Table of Authorities.

Despite already obtaining this relief, Texas and Mississippi now seek to stay the Good Neighbor Plan, confirm venue in this Court, and hold the case in abeyance. Tex. Pet'rs' Mot. to Stay Resp'ts' Final Action, Confirm Venue, & Hold Case in Abeyance, ECF No. 37-1 (Tex. Mot.); Miss. Pet'rs' Joint Mot. to Stay Resp'ts' Final Action, Confirm Venue & Hold Case in Abeyance, ECF No. 50 (Miss. Mot.).

Amici curiae the States of New York, Connecticut, Delaware, Illinois, Maryland, and New Jersey; the District of Columbia; and Harris County, Texas, consist of downwind States and localities that receive smog-forming pollutants from upwind States and depend on the Good Neighbor Plan to mitigate the air quality and health impacts these pollutants produce. The Court should deny petitioners' motions to stay. Petitioners have no basis to seek stays because this Court and EPA have already granted them all of the relief they seek.

Petitioners and EPA agree that a ruling on venue is not necessary at this juncture, and EPA consents to an abeyance. Amici take no position on these questions and write to explain only that, if this Court considers venue as part of these motions, it should find that the appropriate venue for this challenge is the D.C. Circuit. The Good Neighbor Plan applies a

uniform regulatory approach to implement an emissions-reduction framework for twenty-three States spanning eight EPA regions and ten judicial circuits. The Clean Air Act requires such nationally applicable regulations to be reviewed in the D.C. Circuit—where every previous challenge to earlier multistate ozone rules has been resolved.

## BACKGROUND

Ozone and its precursor pollutants generated in "upwind" States travel with the wind across state lines into "downwind" States, sometimes thousands of miles from their sources. *See* 88 Fed. Reg. at 36,658. "Most upwind States propel pollutants to more than one downwind State" and "many downwind States receive pollution from multiple upwind States." *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 496 (2014).

Ozone transported from upwind States affects the health of residents in downwind States, as ozone can trigger asthma, worsen bronchitis and emphysema, and cause early death. EPA, *Health Effects of Ozone Pollution* (last updated May 24, 2023). In addition, contributions of ozone from upwind States can prevent downwind States from meeting federal ozone standards in their own States. *See Midwest Ozone Grp. v.*

*EPA*, 61 F.4th 187, 189 (D.C. Cir. 2023). To compensate for these upwind contributions, downwind States must regulate their own in-state sources more stringently—at greater cost to these sources. *See* Comment Letter from Att'ys Gen. 8 (June 21, 2022).

Congress enacted the Good Neighbor Provision to address this problem of transported interstate pollution. When States propose state implementation plans (SIPs) to comply with federal air quality standards, the Good Neighbor Provision requires these SIPs to prohibit emissions that will "contribute significantly" to nonattainment, or "interfere with" maintenance, of federal air quality standards in a downwind State. 42 U.S.C. § 7410(a)(2)(D)(i)(I). If EPA determines that a SIP is inadequate to prohibit harmful emissions downwind, EPA must disapprove the SIP and, within two years, issue a federal implementation plan (FIP). *Id.* § 7410(c)(1). Since 1998, EPA has implemented the Good Neighbor Provision by promulgating multistate rules that limit upwind States' emissions of ozone-forming pollutants through FIPs, while also establishing interstate trading programs and other compliance flexibilities. *See* 88 Fed. Reg. at 36,668-69 (summarizing previous rules).

Here, EPA strengthened the relevant air quality standards for ozone in 2015. 80 Fed. Reg. 65,292 (Oct. 26, 2015). Around this time, modeling showed that emissions from two dozen upwind States would affect the ability of multiple downwind States to attain these standards. But many upwind States failed to propose corresponding emissions reductions and instead downplayed the severity of ozone pollution in downwind States or the significance of their own contributions. *See, e.g.*, 87 Fed. Reg. 9,798, 9,834 (Feb. 22, 2022). Accordingly, EPA disapproved these States' SIPs, 88 Fed. Reg. 9,336 (Feb. 13, 2023), and signed the Good Neighbor Plan, *see* EPA, Good Neighbor Plan for the 2015 Ozone NAAQS.[2]

Texas and Mississippi sought to stay EPA's disapproval of their SIPs, arguing that they would be irreparably injured absent judicial stays because EPA's disapproval would allow the Good Neighbor Plan to go into effect in their States. *See* State Pet'rs' Opposed Mot. to Stay at 19 (Mar. 3, 2023), *Texas*, No. 23-60069, ECF No. 31-1; Miss. Pet'rs' Opposed

---

[2] EPA signed the Good Neighbor Plan on March 15, 2023, but the rule was not published in the Federal Register until June 5, 2023. *See* EPA, Good Neighbor Plan for the 2015 Ozone NAAQS; 88 Fed. Reg. 36,654.

Joint Mot. to Stay at 20-21 (May 11, 2023), *Texas*, No. 23-60069, ECF No. 304-1. This Court granted the requested stays. Tex. Order at 24; Miss. Order at 2.

Because the Good Neighbor Plan was still pending at the Office of the Federal Register, EPA issued a memo explaining that the plan was expected to be published imminently in its current form but would "not take effect" for States that had obtained judicial stays. EPA also stated it would take action to carve out these States. Goffman Mem. (June 1, 2023).

Four days later, the Good Neighbor Plan was published. 88 Fed. Reg. 36,654. On June 29, EPA took the promised action by amending the relevant federal regulations for Texas and Mississippi, among other States, to preserve the status quo preceding the Good Neighbor Plan. *See* Stay Rule.

## ARGUMENT

## POINT I

### THIS COURT SHOULD DENY THE MOTIONS TO STAY

Petitioners' requested stays should be denied because this Court's prior stays and EPA's Stay Rule already grant petitioners all of the relief they seek. *See* Tex. Order at 24; Miss. Order at 2. Indeed, this Court granted the prior stays because it agreed with petitioners that staying EPA's disapproval of their SIPs was necessary to prevent injury from the Good Neighbor Plan. *See* Tex. Order at 22-23. And EPA's Stay Rule ensures that the plan will not apply to petitioners until after challenges to their SIP disapprovals are resolved and EPA takes further action. Stay Rule at 9-10.

Publication of the Good Neighbor Plan does not alter the effect of this Court's stay orders. As everyone agrees, EPA's authority to apply the plan to petitioners "stems from the disapproval of" their SIPs. *See* Goffman Mem.; Tex. Mot. at 3; Miss. Mot. at 3. And the Stay Rule follows that precept by ensuring that the Good Neighbor Plan does not currently apply to Texas and Mississippi. *See* Stay Rule at 10-11, 32, 34, 36-38.

Petitioners' stay motions should thus be denied on these threshold grounds.

## POINT II

### IF THIS COURT REACHES THE QUESTION OF VENUE, IT SHOULD CONFIRM VENUE IN THE D.C. CIRCUIT

Petitioners argue that this Court may address their stay motions "without addressing the question of venue" (Tex. Mot. at 12; see Miss. Mot. at 1) and simultaneously move to place this case into abeyance (Tex. Mot. at 18-19; Miss. Mot. at 1). EPA disputes venue in this Court, but agrees that the Court need not address the question of venue now and consents to petitioners' request to place this case into abeyance.

If this Court does consider venue as part of these motions, it should find that the D.C. Circuit is the appropriate venue because the Good Neighbor Plan is both "nationally applicable" and "based on a determination of nationwide scope or effect"—either of which is independently sufficient. *See* 42 U.S.C. § 7607(b)(1); 88 Fed. Reg. at 36,859-60. The Good Neighbor Plan is a rule "with wide geographic reach, promulgated pursuant to a uniform process and standard across the country." *See Southern Ill. Power Coop. v. EPA*, 863 F.3d 666, 671 (7th Cir. 2017) (quotation

marks omitted). Venue therefore lies in the D.C. Circuit. *See e.g., Texas v. EPA*, No. 10-60961, 2011 WL 710598, at *5 (5th Cir. Feb. 24, 2011). Indeed, the D.C. Circuit has heard challenges to every predecessor ozone transport rule on which the Good Neighbor Plan is based.[3] Texas itself has filed challenges to prior ozone transport rules in the D.C. Circuit and sought stays from that court. *See* Pet'rs' Corrected Mot. for Partial Stay of Final Rule, *Texas v. EPA*, No. 11-1338 (D.C. Cir. Sept. 22, 2011), Doc. #1331220. Petitioners identify no reason to treat the Good Neighbor Plan any differently.

The Good Neighbor Plan is "nationally applicable." Like its predecessors, the Good Neighbor Plan addresses a national and interstate problem: emissions of smog-forming pollutants from numerous upwind States that collectively blow into and impair air quality in multiple downwind States. Linkages between upwind States and downwind receptors—i.e., locations where substandard air quality is measured—

---

[3] *See, e.g., Michigan v. EPA*, 213 F.3d 663 (D.C. Cir. 2000); *North Carolina v. EPA*, 531 F.3d 896 (D.C. Cir.), *modified in part on reh'g*, 550 F.3d 1176 (D.C. Cir. 2008); *EME Homer City Generation, L.P. v. EPA*, 696 F.3d 7 (D.C. Cir. 2012); *Wisconsin v. EPA*, 938 F.3d 303 (D.C. Cir. 2019).

can "number in the thousands."[4] *EME Homer City*, <u>572 U.S. at 497</u>. Indeed, the Supreme Court has recognized that ozone transport presents a "thorny causation problem" for EPA, which must "allocate among multiple contributing upwind States responsibility for a downwind State's excess pollution." *Id.* at 514. Here, the Good Neighbor Plan regulates twenty-three States spanning eight EPA regions and ten judicial circuits. <u>88 Fed. Reg. at 36,860</u>. Review in a centralized venue is thus required by the Clean Air Act. *See EME Homer City*, <u>572 U.S. at 496-97</u>.

Moreover, the Good Neighbor Plan is "based on a determination of nationwide scope or effect" because it has been crafted pursuant to a nationally consistent framework. <u>88 Fed. Reg. at 36,860</u>. The Supreme Court has endorsed EPA's use of this framework to implement the Good Neighbor Provision. *See EME Homer City*, <u>572 U.S. at 518-20</u>. Using this framework, EPA first identified all States "linked" to downwind nonattainment—an inquiry requiring a uniform contribution threshold.

---

[4] To illustrate, eleven upwind States in five federal circuits significantly contribute ozone-forming pollutants to the New York Metropolitan Area. *See* <u>EPA, *Air Quality Modeling Technical Support Document: 2015 Ozone NAAQS Good Neighbor Plan* app. C at C-2 to -3 (2023)</u>.

88 Fed. Reg. at 36,712-17. EPA then applied a uniform methodology to determine the amount of emissions reduction required of each upwind State. *Id.* at 36,718-19.

Petitioners argue (Tex. Mot. at 14; Miss. Mot. at 1) that the Good Neighbor Plan is "locally or regionally applicable," and thus subject to challenge only in the "appropriate circuit," *see* 42 U.S.C. § 7607(b)(1), because the plan comprises multiple FIPs that each apply to one State. Binding precedent forecloses that argument. Arguments that a multistate rule is "locally or regionally applicable" because it consists of "numerous separate EPA actions on state-specific implementation plans" have been rejected by five circuits, including this Court. *See West Virginia Chamber of Commerce v. Browner*, 166 F.3d 336, 1998 WL 827315, at *6 (4th Cir. 1998); *Texas*, 2011 WL 710598, at *4; *RMS of Georgia, LLC v. EPA*, 64 F.4th 1368, 1374 (11th Cir. 2023); *Southern Ill. Power Coop.*, 863 F.3d at 671; *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1200 (10th Cir. 2011).

Even if it were not foreclosed, petitioners' argument is circular and incorrect. By definition, every FIP applies to one State because a FIP is imposed on a State when its SIP is disapproved. *See* § 7410(c)(1). Notwithstanding the state-specific nature of FIPs, the Act identifies

FIPs—i.e., "plan[s] under section 7410 of this title"—as actions reviewable in a regional circuit only if they are "locally or regionally applicable" and not "based on a determination of nationwide scope or effect." *See* § 7607(b)(1).

This statutory language would be superfluous if, as petitioners contend, the state-specific nature of FIPs already rendered every FIP "locally or regionally applicable" for purposes of judicial review. And a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous." *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (quotation marks omitted). If petitioners' argument were correct, moreover, venue for every challenge to prior ozone rules— including Texas's own challenge—would have been improper. See *supra* at 9 & n.3.

Centralized review in the D.C. Circuit, as the statute requires, makes good sense. Under petitioners' approach, multiple courts "could rule on issues arising from a single, national EPA rule, utterly defeating the statute's obvious aim of centralizing judicial review of national rules in the D.C. Circuit." *Southern Ill. Power Coop.*, 863 F.3d at 673. This risk is not theoretical: other petitioners have already challenged the Good

Neighbor Plan in at least three other circuits.[5] If challenges to the plan are adjudicated by different courts, upwind States could be subject to inconsistent rulings and timelines governing their emissions. EPA, for its part, could be subject to similarly disparate rulings, greatly complicating efforts to administer the Good Neighbor Provision. And no single court would be able to review the aggregate impacts on downwind States like amici or to account for the collective action problem the Good Neighbor Provision was enacted to remedy. As this Court has observed, "[c]entralized review of national issues is preferable to piecemeal review of national issues in the regional circuits, which risks potentially inconsistent results." *Texas*, 2011 WL 710598, at *4. It is no surprise that the Clean Air Act expressly seeks to avoid piecemeal review by centralizing review in the D.C. Circuit.

---

[5] Pet. for Review, *Nevada Cement Co. v. EPA*, No. 23-1098 (9th Cir. June 5, 2023), ECF No. 1.1; Pet. for Review, *Tulsa Cement LLC v. EPA*, No. 23-9551 (10th Cir. June 5, 2023), Doc #11003777; Pet. for Review, *PacifiCorp v. EPA*, No. 23-9557 (10th Cir. June 27, 2023), Doc. #11008768; Pet. for Review, *Oklahoma v. EPA*, No. 23-9561 (10th Cir. June 30, 2023), Doc. #11010057; Pet. for Review, *Utah v. EPA*, No. 23-1157 (D.C. Cir. June 20, 2023), Doc. #2004277.

# CONCLUSION

The Court should deny the motions to stay and to confirm venue.[6]

Dated:  New York, New York
        July 10, 2023

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>LETITIA JAMES<br><i>Attorney General</i><br><i>State of New York</i><br>BARBARA D. UNDERWOOD<br><i>Solicitor General</i></td></tr>
<tr><td>MORGAN A. COSTELLO<br>CLAIBORNE E. WALTHALL<br><i>Assistant Attorneys General</i><br><i>Environmental Protection Bureau</i></td><td>JUDITH N. VALE<br><i>Deputy Solicitor General</i><br><br><i>/s / Elizabeth A. Brody</i>[7]<br>ELIZABETH A. BRODY<br><i>Assistant Solicitor General</i></td></tr>
<tr><td></td><td>Office of the Attorney General<br>28 Liberty Street, 23rd Floor<br>New York, NY 10005<br>(212) 416-6167<br>elizabeth.brody1@ag.ny.gov</td></tr>
</table>

<i>(Counsel listing continues on next page.)</i>

---

[6] No party or party's counsel authored this brief in whole or in part nor contributed funds for preparation or submission of the brief. No person other than amici, their members, or their counsel contributed funds for preparation or submission of this brief.

[7] Counsel for the State of New York certifies that the other parties listed in the signature blocks consent to this filing.

WILLIAM TONG
  *Attorney General*
  *State of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*
Department of Justice
820 N. French Street
Wilmington, DE 19801

KWAME RAOUL
  *Attorney General*
  *State of Illinois*
100 West Randolph Street
Chicago, IL 60601

ANTHONY G. BROWN
  *Attorney General*
  *State of Maryland*
200 St. Paul Place
Baltimore, MD 21202

MATTHEW J. PLATKIN
  *Attorney General*
  *State of New Jersey*
25 Market St.
Trenton, NJ 08625

BRIAN L. SCHWALB
  *Attorney General*
  *District of Columbia*
400 6th Street, NW, Suite 8100
Washington, DC 20001

CHRISTIAN MENEFEE
  *County Attorney*
  *Harris County, Texas*
1019 Congress, 15th Floor
Houston, TX 77002

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Oren L. Zeve, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 2,572 words and complies with the typeface requirements and length limits of Rules 27, 29, and 32(a)(5)-(7) and the corresponding local rules.

_/s/ Oren L. Zeve_

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, the foregoing motion and brief for amici curiae were filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated:  New York, NY
          July 10, 2023

                          */s/ Elizabeth A. Brody*