No. 23-60300

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; PUBLIC UTILITY COMMISSION OF TEXAS; RAILROAD COMMISSION OF TEXAS; ASSOCIATION OF ELECTRIC COMPANIES OF TEXAS; BCCA APPEAL GROUP; TEXAS CHEMICAL COUNCIL; TEXAS OIL & GAS ASSOCIATION; LUMINANT GENERATION COMPANY, L.L.C.; COLETO CREEK POWER, L.L.C.; ENNIS POWER COMPANY, L.L.C.; HAYS ENERGY, L.L.C.; MIDLOTHIAN ENERGY, L.L.C.; OAK GROVE MANAGEMENT COMPANY, L.L.C.; WISE COUNTY POWER COMPANY, L.L.C.; STATE OF LOUISIANA; LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY; STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY; MISSISSIPPI POWER COMPANY,**

Petitioners,

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency,**

**Respondents.**

---

## TEXAS PETITIONERS' REPLY IN SUPPORT OF MOTION TO STAY RESPONDENTS' FINAL ACTION, CONFIRM VENUE, AND HOLD CASE IN ABEYANCE

---

**July 17, 2023**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................. i

TABLE OF AUTHORITIES ........................................................................ ii

LIST OF EXHIBITS IN APPENDIX .................................................... iii

GLOSSARY............................................................................................... iv

ARGUMENT .............................................................................................2

I.     A judicial stay would ensure the continuing effect of the *Texas 2023* stay in all scenarios except final resolution of No. 23-60069 in EPA's favor. ......................................................................................2

II.    This Court should confirm now that it is the only proper venue for Texas Petitioners' challenges to the Texas FIP..............................4

III.   All parties and Amici agree that abeyance is proper, so the Court should grant that relief. ..............................................................9

CONCLUSION ........................................................................................10

CERTIFICATE OF COMPLIANCE.......................................................13

CERTIFICATE OF SERVICE ...............................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Texas v. EPA*,
    829 F.3d 405 (5th Cir. 2016) ............................................................4, 5, 6, 7, 8

*Texas v. EPA*,
    983 F.3d 826 (5th Cir. 2020) ...............................................................................8

*Wachovia Bank v. Schmidt*,
    546 U.S. 303 (2006)..............................................................................................5

**Federal Statutes**

5 U.S.C. § 553 ................................................................................................................3

42 U.S.C. § 7410(a)(1).................................................................................................6

42 U.S.C. § 7410(c)(1).................................................................................................6

42 U.S.C. § 7602(y) ..................................................................................................4, 6

42 U.S.C. § 7607(b)(1).............................................................................................3, 4, 6

**Federal Register**

88 Fed. Reg. 36,654 (June 5, 2023) ...........................................................................6

**Miscellaneous**

EPA, *Federal "Good Neighbor Plan" for the 2015 Ozone National
    Ambient Air Quality Standards; Response to Judicial Stays of
    SIP Disapproval Action for Certain States* (June 29, 2023),
    *available at* https://tinyurl.com/46ntbbsn ("Interim Final Rule")...........1, 2, 3

Order, *Texas v. EPA*, No. 23-60069 (5th Cir. May 1, 2023) (per curiam)
    ("*Texas 2023*") .............................................................................2, 4, 5, 6, 7

## <u>LIST OF EXHIBITS IN APPENDIX</u>

**<u>Exhibit</u>**                                                                 **<u>Page Number</u>**
**<u>in Appendix</u>**

1.   Order, *Nev. Cement Co. v. EPA*, No. 23-682 (9th Cir. July 3, 2023) ........................................................................... A-1

2.   Petition for Review, *Utah v. EPA*, No. 23-1157 (D.C. Cir. June 20, 2023)..................................................................... A-4

# **GLOSSARY**

| | |
|---|---|
| **Amici** | States of New York, Connecticut, Delaware, Illinois, Maryland, and New Jersey, the District of Columbia, and Harris County, Texas |
| **EPA** | United States Environmental Protection Agency |
| **FIP** | Federal Implementation Plan |
| **Final Rule** | Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36,654 (June 5, 2023) |
| **Interim Final Rule** | Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards; Response to Judicial Stays of SIP Disapproval Action for Certain States (June 29, 2023) (Exhibit 1 to EPA's response) |
| **Intervenors** | Air Alliance Houston, Clean Wisconsin, Downwinders at Risk, Louisiana Environmental Action Network, and Sierra Club |
| **SIP** | State Implementation Plan |
| **Texas Petitioners** | State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, Railroad Commission of Texas, Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, Texas Oil & Gas Association, Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC |

In their three-part motion, Texas Petitioners asked the Court to stay the Texas FIP, to confirm that this Court is the proper venue for their challenges to that action, and to hold this case in abeyance pending resolution of No. 23-60069.  After that motion was filed, EPA issued the Interim Final Rule, which confirms that the Texas FIP has no effect and that additional EPA rulemaking would be needed to change that new status quo.  *See* Interim Final Rule at 11-12.  And in its response, EPA makes concessions that provide much of the certainty that Texas Petitioners were initially seeking.  However, EPA could still alter the Interim Final Rule, and one or more parties could challenge it.  An order from this Court confirming the stay therefore remains appropriate to ensure the continuing effect of this Court's May 1, 2023 order in *Texas v. EPA*, No. 23-60069.

As to venue, there is still a full-fledged dispute.  The parties disagree not only as to whether this Court or the D.C. Circuit is the proper forum to adjudicate petitions for review of the Texas FIP, but also as to whether this Court should confirm venue now or defer that ruling.  The Court should confirm venue now.

As to abeyance, there is no dispute.  All parties and Amici agree that neither they nor the Court should expend resources addressing challenges to the Texas FIP at this point.  Expending those resources will become necessary only if Case No. 23-60069 is ultimately resolved in EPA's favor—an outcome that this Court has said is

unlikely.  Order, *Texas v. EPA*, No. 23-60069 at 14-22 (5th Cir. May 1, 2023) (per curiam) ("*Texas 2023*").

## ARGUMENT

I. **A judicial stay would ensure the continuing effect of the *Texas 2023* stay in all scenarios except final resolution of No. 23-60069 in EPA's favor.**

As previously explained, the *Texas 2023* stay deprived EPA of FIP authority as to Texas.  Doc. 37-1 at 7-8 ("Mot.").  All parties and Amici agree.  Doc. 74-1 at 5-6 ("EPA Resp."); Doc. 76 at 10 ("Intervenor Resp."); Doc. 93 at 7 ("Amici Resp.").  And the Interim Final Rule makes the Texas FIP inoperative unless and until EPA undertakes a new rulemaking.  *See* Interim Final Rule at 11-12.  EPA assures the Court that Texas "will not become subject to the [Final Rule, which includes the Texas FIP] again, or any other federal Good Neighbor requirements for the 2015 ozone standard, without affirmative rulemaking action on EPA's part – after the *Texas SIP* litigation [No. 23-60069] concludes – to reassess obligations, reset applicable timeframes, or both."  EPA Resp. 18.

EPA's concessions in response to Texas Petitioners' motion are significant.  EPA acknowledges that: *Texas 2023* "already effectuated th[e] relief" Texas Petitioners sought through their stay request; the Court may properly "confirm" the effect of the *Texas 2023* stay; *Texas 2023* "ensure[s] that Texas . . . will not be subject to the [Final Rule]" either "until the resolution of [No. 23-60069]" or until "the [*Texas 2023*] Court lifts its stay"; *Texas 2023* "fully enjoin[s] the

implementation of any [FIP] requirements for Texas . . . while EPA's [SIP] disapproval remains pending"; *Texas 2023* "fully enjoined EPA's authority to impose [FIP] requirements on pollution sources in Texas"; "no . . . gap exists" "in the remedy provided by [*Texas 2023*]"; the Texas FIP "will not become effective" on August 4, 2023; and *Texas 2023* "make[s] it unlawful for EPA to require Texas . . . sources' compliance with the [Final Rule] while [No. 23-60069] remains unresolved." *Id.* at 2, 3, 6, 13, 14, 15, 16, 19, 21. Texas Petitioners appreciate, and will rely on, those concessions.

At the same time, some uncertainty remains. The Interim Final Rule is still subject to comment and potential revision, *see* Interim Final Rule at 22, and EPA could alter it, *see* 5 U.S.C. § 553. Presumably, EPA will need to either supplement the Interim Final Rule or undertake a new rulemaking to account for the Ninth Circuit's recent stay of EPA's disapproval of Nevada's SIP, Order, *Nev. Cement Co. v. EPA*, No. 23-682 (9th Cir. July 3, 2023) (Exhibit 1)—a development that predated the responses to Texas Petitioners' motion but that EPA, Intervenors, and Amici all declined to acknowledge, much less discuss. If yet more stay orders akin to *Texas 2023* are handed down, EPA will have to account for those, too.

Additionally, as EPA concedes (at 19 n.8), the Interim Final Rule could be challenged by one or more parties. *See* Mot. 11; *see also* 42 U.S.C. § 7607(b)(1). If any such challenge were successful, the protections of the Interim Final Rule would

3

go away. Accordingly, the Court should at the very least take EPA up on its suggestion to confirm that the *Texas 2023* stay prevents the Texas FIP from having any effect not simply until No. 23-60069 is finally resolved but also until EPA undertakes a new rulemaking to promulgate a new FIP with new deadlines and obligations that take into account the effect of the Court's stay. *See* EPA Resp. 3, 18, 21.

## II. This Court should confirm now that it is the only proper venue for Texas Petitioners' challenges to the Texas FIP.

As Texas Petitioners previously explained, venue for their challenges to the Texas FIP lies only in this Court under the text of the Act's venue provision and this Court's precedent. Mot. 12-18. The Texas FIP is, and by statute could be, nothing more than EPA's replacement for Texas's SIP. 42 U.S.C. § 7602(y). The necessarily state-specific Texas FIP is therefore "locally or regionally applicable" under the plain language of 42 U.S.C. § 7607(b)(1) and this Court's guidance in both *Texas 2023* and *Texas v. EPA*, 829 F.3d 405 (5th Cir. 2016) ("*Texas 2016*"). Mot. 13-16. And far from being based on any "determination of nationwide scope or effect," 42 U.S.C. § 7607(b)(1), the Texas FIP was, again by statutory necessity, based on determinations that were specific to Texas emission sources. Mot. 16-18. The responses to those points all fail.

A.    EPA first tells the Court that "[n]o regional circuit has ever asserted venue over a [FIP] issued under the Clean Air Act's 'Good Neighbor' provision[.]"

4

EPA Resp. 2.  But this Court has resolved a dispute about a FIP issued under another part of the same interstate-transport provision of the Clean Air Act in which the good-neighbor provision appears, rejecting a similar venue argument by EPA in that case.  *Texas 2016*, 829 F.3d at 418-24 (holding that venue for petitions for review of an earlier Texas FIP issued under 42 U.S.C. § 7410(a)(2)(D)(i) was proper only in the Fifth Circuit).

Maintaining venue over the replacement FIP in this Court is particularly appropriate here, as it was in *Texas 2016*, where EPA's disapproval action on the SIP and its replacement FIP are both based on state-specific projections of Texas sources' downwind impacts and result in Texas-specific emission limitations.  *Texas 2023* at 9-12.  And just because good-neighbor FIP actions have historically been presented to the D.C. Circuit for review, *see* EPA Resp. 7-8 & nn.1-2; Amici Resp. 9 & n.3, 12, does not mean that venue was proper in that court.  Unlike jurisdiction, venue may be waived, as it recently was in this very context.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) (explaining that venue is "largely a matter of litigational convenience" subject to waiver); Petition for Review at 2, *Utah v. EPA*, No. 23-1157 (D.C. Cir. June 20, 2023) (acquiescing to a D.C. Circuit venue for petitioner's convenience) (Exhibit 2); *see also* Intervenor Resp. 19.

EPA's effort to characterize the Final Rule as a single FIP (in its words, "the Good Neighbor Plan, *a* [FIP]," EPA Resp. 4 (emphasis added)) is contrary to both

EPA's statutory FIP authority and the language of the Final Rule confirming the state-specific nature of its individual FIPs.  *See* Mot. 14-15 (citing 42 U.S.C. §§ 7410(a)(1), 7410(c)(1), 7602(y); 88 Fed. Reg. 36,654, 36,656-59, 36,688-89 (June 5, 2023)).  It is also contrary to *Texas 2023*, which confirmed that the relevant "action[s]," 42 U.S.C. § 7607(b)(1), in that case are the individual SIP disapprovals that EPA published together in a single Federal Register notice and that the petitioners challenged.  *Texas 2023* at 8-9.

Like EPA, both Intervenors (*e.g.*, at 15) and Amici (*e.g.*, at 8) proceed on the false premise that Texas Petitioners challenged the Final Rule in its entirety. Intervenors also erroneously equate (at 15) challenges to entire multi-state "implementation plan actions" as challenges to a FIP for a single State.  And Amici mischaracterize Texas Petitioners' argument, describing it (at 11) as dependent on the fact that the Final Rule "comprises multiple FIPs that each apply to one State," rather than acknowledging that each petition for review challenges a single FIP, not the parts of the Final Rule that apply to multiple States.

Because SIPs and FIPs are equally state-specific, EPA is also wrong to claim (at 9) that "the venue issue here is distinct from that for [SIP] disapprovals," and Amici's claims (at 11-12) of circularity and superfluity fail by dint of the last-antecedent canon.  *See Texas 2016*, 829 F.3d at 419 n.16.  Regardless of whether it reflects good policy, EPA's desire to roll out national multi-state FIP "program[s],"

*see* EPA Resp. 9-11 & n.3; Intervenor Resp. 15-16; Amici Resp. 4, 10-11, cannot trump the state-specific limit Congress unambiguously placed on the agency's FIP power. And in claiming (at 19-22) that EPA not only may, but in fact *must*, regulate more broadly in good-neighbor FIPs than States could in SIPs, Intervenors ignore both the text of the statute and the singular Texas-only "action" challenged in the petitions for review. *See Texas* 2023 at 6-9.

EPA further errs in suggesting (at 11) that "[t]he legal and technical questions presented" by Texas Petitioners' challenges to the Texas FIP alter the venue analysis. As this Court recently confirmed, "[t]he precise contours of the Petitioners' challenges do not define the relevant 'action' for § 7607(b)(1)'s purposes." *Texas 2023* at 8 n.3. The analysis turns on the type of action—a Texas-specific FIP—and its legal impact on Texas sources. *Id*. at 8-9; *accord Texas 2016*, 829 F.3d at 419. That remains true notwithstanding arguments and nonprecedential statements based on legislative history and the supposed purpose of Section 7607(b)(1). *See* Intervenor Resp. 17-18; Amici Resp. 12-13.

**B.**      The reason the Court should confirm venue now, *see* EPA Resp. 6, is the same reason it should confirm that the Texas FIP remains stayed: to provide certainty. If the Court does not confirm that venue is proper here, a challenge to the Interim Final Rule could be filed in a different forum, and a party could ask that court to confirm that it, rather than this Court, is the proper venue for any and all

challenges related to the Texas FIP. That type of collateral litigation would waste the judicial and party resources that EPA itself wants to preserve. *See id.* at 7. And EPA is wrong to suggest (at 8-9) that the D.C. Circuit is more qualified than this Court to apply the governing law. This Court is not inferior to the D.C. Circuit, and it is also no stranger either to the Clean Air Act provisions at issue here or EPA's actions under them. *See, e.g.*, *Texas 2016*, 829 F.3d at 411-16, 426-28; *Texas v. EPA*, 983 F.3d 826 (5th Cir. 2020). And given the first-filed nature of the petitions for review in this Court and this Court's venue ruling as to EPA's antecedent disapproval of Texas's SIP, this Court is the proper Court to resolve the venue dispute.

EPA's request (at 13 & n.4) for delay and further briefing stems in part from concern (expressed at 12) about potential future challenges to "the Good Neighbor Plan." That concern springs, once again, from the false premise that the petitions for review that the Clerk consolidated under this cause number challenge the entire Final Rule rather than state-specific parts of it under Federal Rule of Appellate Procedure 15(a)(2)(C). *See also* Intervenor Resp. 17 & n.14 (erroneously suggesting that Texas Petitioners challenged the Final Rule "as a whole"). EPA identifies, and Texas Petitioners are aware of, no prospective petitioner that both (1) intends to challenge only the Texas FIP and (2) believes that the D.C. Circuit is the proper venue for that challenge. And in light of this Court's Clean Air Act venue precedent

8

and the ruling in *Texas 2023*, further briefing should not be necessary to confirm that this Court is the only proper venue for Texas Petitioners' challenges to the Texas FIP.

### III.    All parties and Amici agree that abeyance is proper, so the Court should grant that relief.

In the final part of their motion, Texas Petitioners argued that, to preserve judicial and party resources, the Court should hold this case in abeyance after issuing a stay and confirming venue. Mot. 18-19. Although EPA, Intervenors, and Amici disagree entirely with Texas Petitioners as to venue and disagree with them in part as to a stay, *see supra* Parts I, II, everyone agrees that the Court should hold this case in abeyance pending final resolution of No. 23-60069. The Court should do so.

## <u>CONCLUSION</u>

The Court should grant the relief requested in Texas Petitioners' motion.

Respectfully submitted.

ANGELA COLMENERO
Provisional Attorney General

LANORA C. PETTIT
Principal Deputy Solicitor General

BRENT WEBSTER
First Assistant Attorney General

/s/ Bill Davis
BILL DAVIS
Deputy Solicitor General
Bill.Davis@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

MICHAEL R. ABRAMS
WILLIAM F. COLE
Assistant Solicitors General

*Counsel for State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas*

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General
Counsel
David W. Mitchell
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC*

11

<u>s/ Aaron M. Streett</u>
Aaron M. Streett
Matthew L. Kuryla
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
Tel.: (713) 229-1234
Fax: (713) 229-1522
aaron.streett@bakerbotts.com

*Counsel for Petitioners Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, and Texas Oil & Gas Association*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel states that this reply complies with Fed. R. App. P. 27(d)(2)(C) because it contains 2,207 words, excluding the items allowed to be excluded pursuant to Fed. R. App. P. 32(f), as counted by a word processing system and, therefore, is within the word limit.  This motion also complies with typeface requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated: July 17, 2023

s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 17th day of July, 2023.


s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*