# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 07, 2023

Ms. Elisabeth Carter
US Department of Justice
Enviornment & Natural Resources Division
150 M Street, N.E.
Washington, DC 20002

Mr. Merrick Garland, U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Mr. Todd Sunhwae Kim
U.S. Department of Justice
Environment & Natural Resources Division-Appellate Section
P.O. Box 7415
Ben Franklin Station
Washington, DC 20044-7415

Ms. Chloe H. Kolman
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611

Mr. Jeffrey Prieto
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
William Jefferson Clinton Building
Washington, DC 20460

Mr. Michael S. Regan
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
William Jefferson Clinton Building
Washington, DC 20460-0000

    No. 23-60300   State of Texas v. EPA
                          Agency No. 88 Fed. Reg. 36654

Dear Ms. Carter, Mr. Garland, U.S. Attorney General, Mr. Kim, Ms. Kolman, Mr. Prieto, and Mr. Regan,

You are served with the following document(s) under **FED. R. APP. P. 15**:

Petition for Review.

The agency has filed a certified list in lieu of the administrative record, which is available on the docket.

This case is currently in abeyance pending resolution in case no. 23-60069, *State of Texas v. EPA*.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/ Christina Gardner
Christina A. Gardner, Deputy Clerk
504-310-7684

Enclosure(s)

cc w/encl:
    Mr. Michael Abrams
    Ms. Julia Blair Barber
    Ms. Megan Heuberger Berge
    Ms. Elizabeth A. Brody
    Ms. Courtney Burdette
    Mr. William Francis Cole
    Mr. Bill L. Davis
    Ms. Daria Burgess Diaz
    Mr. Bradley Aaron Ennis
    Mr. Zachary Max Fabish
    Mr. Philip Stephen Gidiere III
    Mr. Shaun Goho
    Mr. Jeffrey Aaron Hall
    Ms. Laura Diane Heusel
    Ms. Debra Jezouit
    Mr. Seth L. Johnson
    Mr. Matthew Lynn Kuryla
    Mr. Jonathan Mark Little
    Mr. Justin Lee Matheny
    Mr. Christian Menefee
    Mr. Carl Grady Moore III
    Ms. Elizabeth Baker Murrill
    Ms. Kathleen Lea Riley
    Mr. Joshua Smith
    Mr. Joseph Scott St. John
    Mr. Aaron Michael Streett
    Ms. Susan Scaggs Stutts

Provided below is the court's official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

---

Case No. 23-60300

---

State of Texas; Texas Commission on Environmental Quality; Public Utility Commission of Texas; Railroad Commission of Texas; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; State of Louisiana; Louisiana Department of Environmental Quality; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; Texas Lehigh Cement Company, L.P.; Louisiana Public Service Commission; Energy Transfer, L.P.; Entergy Louisiana, L.L.C.; Cleco Corporate Holdings, L.L.C.; Louisiana Energy & Power Authority; Lafayette Consolidated Government/Lafayette Utilities System; NACCO Natural Resources Corporation; Mississippi Lignite Mining Company,

      Petitioners

v.

United States Environmental Protection Agency; Michael S. Regan, Administrator, United States Environmental Protection Agency,

      Respondents